OPINION OF THE COURT
Memorandum.
Judgment reversed without costs, judgment directed to be entered in favor of defendants on their counterclaim in the sum of $1, complaint severed and matter remanded to the court below for a new trial on plaintiffs complaint limited to the issue of damages.
Plaintiff, pro se, instituted this action in the regular part of the Civil Court for, in essence, damages to an apartment rented to defendants pursuant to an oral lease. At trial, the court admitted into evidence, as proof of damages, photographs taken of the apartment before and after defendants’ occupancy as well as paid bills covering such items as the cost of repairs. Defendants counterclaimed for damages including, inter alia, illegal entry.
Since the matter was tried in the regular part of the Civil Court, the parties were required to comply with the rules of evidence set forth in the CPLR relevant to their proof of damages (CCA 2102; cf. CCA 1804). Rule 4533-a of the CPLR states that an itemized bill or receipt marked paid, for services or repairs in an amount not in excess of $2,000, is admissible in evidence and is prima facie evidence of the reasonable value and necessity of the services or repairs itemized therein provided that the person who rendered the services, or made the repairs, or an authorized agent thereof, certified the bill and made a verified statement that no part of the payment will be refunded, and that the charges for the services and repairs were at the provider’s usual rate, and provided further that a true copy of such itemized bill together with a notice of intention to introduce such bill into evidence pursuant to said rule is served upon all parties no more than 10 days prior to trial.
In the case at bar, plaintiff sought to establish damages solely through the submission of bills. However, none of the bills submitted met the criteria of CPLR 4533-a for admission. The bill for the repairs to the kitchen exceeds the $2,000 limit. *56 The remaining bills, most of which were itemized and marked paid, failed to contain the requisite certification. In view of the foregoing, plaintiff failed to establish the reasonable value and necessity of the repairs and/or services. However, since the photographs admitted into evidence support plaintiffs testimony and since the trial court in rendering its decision found plaintiff to be credible, the matter should be remanded to the court below for a new trial on plaintiffs complaint limited to the issue of damages.
With regard to defendants’ counterclaim, we note that although they established that an unlawful eviction occurred, they were restored to possession the same day, and they failed to present any evidence establishing that they were damaged in any way by plaintiffs entry (see 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings §§ 28:4-28:6, 28:76 [4th ed]). However, since said act also constituted a trespass, in the absence of proof of actual damages, defendants are entitled to nominal damages (see Kronos, Inc. v AVX Corp., 81 NY2d 90, 95 [1993]). Thus, judgment should be awarded in favor of defendants on their counterclaim in the sum of $1.
Pesce, EJ., Golia and Rios, JJ., concur.